UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD WELLS, | Case No. 1:07-cv-666 |
| Plaintiff,[1] | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**Order Adopting the R&R Without Objection;
Affirming the Commissioner's Denial of Disability Benefits;
Terminating the Case**

This matter was referred to the Honorable Joseph Scoville, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."  Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations."

---

[1] The court agrees with the Magistrate Judge that Richard Wells is the proper party plaintiff, as he attained the age of majority before the complaint was filed.  See R&R at 1 n.1.  The court substitutes Richard Wells for the plaintiff listed in the complaint, "Mary Wells for Richard Wells (minor)."

*See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, No. 89-5720, 907 F.2d 151, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The Clerk's Office docket records indicate that the R&R was issued and filed on Thursday, June 26, 2008.

Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). Thus, the ten-day objection period began on Friday, June 27, 2008.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes Saturday June 28 and Sunday June 29. Days two through five of the ten-day objection period ran from Monday, June 30 through Thursday July 3. The court then excludes Friday July 4 (Independence Day), Saturday July 5, and Sunday July 6. Days six through ten ran from Monday, July 7 through Friday, July 11.

Thus, the ten-day period for filing objections expired at midnight on Friday, July 11, 2008.

Neither party filed objections before that time, so this court is not obligated to review the R&R's merits *de novo* or otherwise. As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[2]

Furthermore, the failure to file timely specific objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)© simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).

---

[2] *See, e.g., Johnson v. Comm'r of Soc. Sec.*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

In any event, the court finds the R&R to be well-reasoned.[3]  For the reasons explained by the R&R, substantial evidence in the record supported the ALJ's determination that Wells's medically determinable impairments – ADHD, conduct disorder, learning disorder, adjustment disorder, and substance abuse – taken in combination, were severe, but did not meet or equal the requirements of any listed impairment.  *See* R&R at 5.  Substantial evidence supported the ALJ's underlying findings that Wells had no limitations in three of the six domains of functioning that are considered when assessing whether a claimant's impairments meet that standard – moving about and manipulating

---

[3] Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."  * * *  Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Brown v. US*, 2007 WL 2156283, *1 (E.D. Mich. 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985))).  *See also Veltkamp v. Comm'r of Soc. Sec.*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.);

*Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio 2007) (Nugent, J.); *Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006) (Zouhary, J.) ("Neither party objected . . . . * * * Thus, the Court declines to review the Magistrate's report.");

*US v. Thornton*, 2007 WL 1742160, *1 (E.D. Ky. 2007) (Reeves, J.); *US v. Stone*, 2007 WL 1610499, *1 (E.D. Ky. 2007) (Forester, J.); *Powell v. KDOC*, 2007 WL 756363, *1 (E.D. Ky. 2007) (Hood, J.);

*Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002)); *Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

objects, caring for himself, and health and physical well-being – and a "less than marked" limitation in two domains, acquiring/using information and attending to/completing tasks. *See* R&R at 5-6.

The ALJ found that Wells had a marked limitation in interacting with and relating to others, but Wells contends that the ALJ should have found a "severe" limitation in that domain of functioning. Wells also contends that the ALJ should have found a marked limitation, not just a "less than marked' limitation, in his ability to attend to and complete tasks. *See* R&R at 7-8. As the Magistrate Judge explained, however, *see* R&R at 8, the question is not whether the ALJ might reasonably have reached a different conclusion – which is all Wells's arguments and evidence suggest – but whether there was substantial evidence in the record to support the determination that he *did* reach. "'The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there exists a zone of choice within which the Commissioner can act without fear of court interference.'" *Luteyn v. Comm'r of Soc. Sec.*, 528 F. Supp.2d 739, 748 (W.D. Mich. 2007) (Maloney, J.) (quoting *Buxton v. Halter*, 246 F.3d 762, 772 -73 (6th Cir. 2001)).

Finally, the Magistrate Judge properly rejected Wells's assertion that the ALJ wrongly ignored the medical evidence before June 2003: the record shows that the ALJ considered all medical records but simply found that more-recent records were a more accurate reflection of Wells's condition during the alleged insured-disability period (June 21, 2004 through April 20, 2006). As the Magistrate Judge noted, R&R at 9 n.3, a Social Security regulation obligates the Commissioner to develop the claimant's complete medical history for at least the twelve months preceding the month in which he applied for benefits, "unless there is reason to believe that development of [the claimant's medical history for] an earlier period is necessary . . . ." 20 C.F.R.

416.912(d); *see, e.g., Mauro v. Comm'r of Soc. Sec.*, 2008 WL 495362, *1 n.1 (E.D. Mich. Feb. 20, 2008) (Sean Cox, J.) ("Although SSI is not payable prior to the month following the month in which the application was filed, the ALJ considered the entire medical history consistent with 20 C.F.R. 416.912(d).").

## ORDER

Accordingly, having reviewed Wells's complaint, the parties' briefs, the administrative record, and the R&R, and having received no objections from either party, the court hereby **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

This case is **TERMINATED.**

**This order is final, but it is not appealable.** *See Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)).[4]

---

[4]

*See, e.g., Schrader v. Comm'r of Soc. Sec.*, 2008 WL 360649, *3 with n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas*, 474 U.S. at 155)).

*See also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the

**IT IS SO ORDERED this 17th day of July 2008.**

           /s/  Paul  L.  Maloney
Paul L. Maloney
United States District Judge

---

magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

    *Adkins v. United Mine Workers of America*, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).